## METROPOLITAN BANK *a.* LORD.

*New York Superior Court ; Special Term, January,* 1855.

#### PLEADING.—TITLE TO PROMISSORY NOTE.

When a complaint, upon a promissory note, in an action against the *maker* and *payee,* to show title in the plaintiff, avers an indorsement by the payee, and a delivery to the plaintiff, but not saying by whom, and that the plaintiff is "the holder and owner of such note," an answer which puts in issue the latter allegation, and denies that the payee ever delivered it to the plaintiff, but on the contrary alleges that he delivered it to a third person, whose name is stated, is not frivolous.

An answer, putting in issue all the material allegations of a complaint, which are employed to show that the title to a note sued upon is in the plaintiff, and that he is the actual party in interest, is not frivolous.

Motion for judgment on frivolous answer.

The complaint states, as the facts constituting the plaintiff's cause of action, that Lord made a note dated July 6th, 1854, for the sum of $1000, payable four months after its date, to the order of Searls, at the Suffolk Bank, "which said note was afterwards indorsed by the defendant E. C. Searls, and delivered to the plaintiff. The due protesting of the note, and notice thereof to Searls : and "That the plaintiffs are holders and owners of such note, and that there is due to them thereon from the defendants the sum of $1000, for which it prays judgment.

Lord answers : 1st, that Searls did not deliver the note to the plaintiff, but to the Suffolk Bank.

2d. "That he has not any knowledge or information sufficient to form a belief whether or not the plaintiffs are the owners or holders of said note, and he therefore controverts and denies the allegations in that behalf contained in the complaint.

3d. That the plaintiffs have not legal capacity to sue, inasmuch as it does not appear in or by the said complaint that

they are a corporation or in any way or manner empow-
ered to act or sue under the name or style of the Metropolitan
Bank.

4. That the complaint does not state facts sufficient to con-
stitute a cause of action, inasmuch as it does not appear that
the plaintiffs have any legal power or capacity to own or hold
the said promissory note, or any legal existence whatever. It
claims the same benefit of the 3d and 4th defences, as if
the defendant had demurred to the said complaint for the
causes respectively set forth in said 3d and 4th defences.

The plaintiff now moves for judgment against the defendant
*Lord*, on account of the *frivolousness* of his answer.

*P. U. Turney*, for plaintiff.

*Mr. Smales*, for defendant.

Bosworth, J.—The *third* and *fourth* defences, so called,
consist, neither of denials of any allegations in the complaint,
nor of any averments of new matter : the insertion of them in
the answer is an attempt to demur to, as well as to answer
the complaint. Neither of them, however, states objections,
which would sustain a formal demurrer, assigning them as
causes of demurrer. (The Union Mutual Ins. Co. *v.* Osgood
12 *Leg. Obs.* 85).

An action must be brought in the name of the real party in
interest. (Code, § 111). To make title to the note, the indorse-
ment of it by *Searls*, and a delivery of it to the plaintiffs, and
that they are the holders and owners of it, are averred. It is
not directly alleged that *Searls delivered it to the plaintiffs.*
If the complaint can be construed as meaning that, then *that
allegation* is denied, and the answer also avers, that on the
contrary, it was delivered by him to the Suffolk Bank. If it
does not mean that, then there is no averment that it was
delivered to the plaintiffs by any one shown to have a right to
deliver it, unless it be the further allegation that the plaintiffs
are the owners and holders of such note. But this is put in
issue by the answer. The answer denies it, in a manner
allowed by the Code. The allegations made to show that the
title to the note is in the plaintiffs, are controverted by the

answer. If the issues made by the denial of these allegations should be found in favor of the defendant, the plaintiff could not recover. The answer, in this view of it, is clearly not frivolous.